(No. 88-CC-4668—

RONALD RUTLEDGE and LISA RUTLEDGE, Claimants, *v.* BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES AND WESTERN ILLINOIS UNIVERSITY, Respondent.

*Opinion filed October 21, 1991.*

HOLLEY, KEITH & HUNTLEY, for Claimants.

PATRICIA REA, for Respondent.

## OPINION

JANN, J.

An evidentiary hearing was held on March 26, 1991, at which time both parties appeared and were represented by counsel.

Ronald Rutledge, one of the Claimants, was, at the time of the incident giving rise to the claim for property damage, employed as a fireman's helper at the Western Illinois University heating plant and had been so employed for approximately seven years. On March 20, 1988, Claimant, Ronald Rutledge, reported for work at the heating plant for the shift commencing at 12:00 a.m., and, with the permission of his supervisor, parked his 1987 Ford Ranger in the parking facility next to the plant alongside vehicles of other late night shift workers.

The Claimant testified that the fireman on duty was forced to shut down the furnace in the early morning hours and that hot oil emitted from the chimney stack during the course of the shutdown. The Claimant further testified that oil landed on his vehicle, causing burned spots on the paint of the vehicle. Repairs to the vehicle were in the amount of $1,213.66, for which Claimant seeks reimbursement.

Claimant asserts that Respondent breached its duty due to the malfunctioning in the furnace and the incomplete burning of the oil inside the gun.

Claimant relies on the doctrine of *res ipsa loquitur* in that the trier of fact can apply the doctrine by inference from circumstantial evidence and cites *Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 269, 443 N.E.2d 569, 572. To avail himself of the *res ipsa loquitur* doctrine, the Claimant must demonstrate that

the injury is the kind which does not occur in the absence of negligent acts, was caused by an entity or instrumentality within the exclusive control of the defendant, and was not due to any voluntary act or neglect on the part of the plaintiff. *Lynch,* 93 Ill. 2d at 269, 443 N.E.2d at 572.

Claimant argues that the mere emission of oil during the course of the shutdown was the result of negligence on the part of the Respondent. No other vehicles parked in the same area were similarly damaged. Claimant further testified that no similar incident had occurred while he was on duty in the seven years he had been employed at the heating plant. No evidence was introduced by which the trier of fact could, by inference, determine that the damage was caused by a negligent act on the part of the Respondent either by commission or omission.

The doctrine of *res ipsa loquitur* does not relieve the plaintiff of the burden of proving negligence. *Imeg v. Beck* (1986), 503 N.E.2d 324.

Wherefore, as Claimant did not present any evidence to support his claim that Respondent breached its duty of ordinary care or to support the inference for application of the *res ipsa loquitur* doctrine, this claim is hereby denied.